IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                                :        CHAPTER 7
                                      :
DAWN R. CURTIS,                       :        BANKRUPTCY NO. 11-01735
                                      :
        Debtor.                       :

**ORDER ON MOTIONS FOR RELIEF FROM STAY (Docs. # 17 & # 18)**

Debtor's ex-husband, David J. Ballstaedt III—a creditor listed on Debtor's Schedule F—filed two Motions for Relief from Stay on December 9, 2011. Mr. Ballstaedt, proceeding pro se, requested relief from the automatic stay to proceed in an action he filed in the Iowa District Court against Debtor. In support of his Motions he filed a copy of his state-court petition. Hearing on Mr. Ballstaedt's Motions was scheduled for January 20, 2012.

Prior to hearing, the Court entered a discharge of Debtor. The Court's January 5, 2012 Order stated: "The debtor is granted a discharge under section 727 of title 11, United States Code (the Bankruptcy Code)." (ECF Doc. No. 36.)

Hearing was held on Mr. Ballstaedt's Motions on January 20, 2012. After hearing, both parties were given seven days to provide the Court with briefs in support of their respective positions.

On January 26, 2012, Debtor's counsel filed a brief arguing that since an Order Granting Discharge of Debt had been entered, issues arising from the

automatic stay were rendered moot. (ECF Doc. No. 45.) Debtor requested the Court "enter an Order acknowledging the filing of the Motions for Relief from Stay and finding them moot in light of the discharge of indebtedness order entered following the filing of Mr. Ballstaedt's motions." (Id.)

On January 27, 2012, Mr. Ballstaedt filed a brief in support of his Motions for Relief from Automatic Stay. Mr. Ballstaedt reiterated the facts pertinent to his state-court action and argued he was "entitled to relief from the automatic stay under §523(a)(5) and/or § 523(a)(15)". (ECF Doc. No. 46, at 5.) Mr. Ballstaedt argues that Debtor is not discharged from the debt owed to him because it is either a "domestic support obligation," under 11 U.S.C. § 523(a)(5), or the debt is to a "former spouse . . . of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record", under 11 U.S.C. § 523(a)(15).

"Although a stay may be terminated or lifted for 'cause,' 11 U.S.C. § 362(d)(1), the stay also terminates if the case is closed, dismissed or a discharge is granted or denied. §362(c)(2)." In re Mueller, No. 09-cv-137, 2009 WL 5216998, at *2 (W.D. Wis. Dec. 30, 2009). "The automatic stay terminated no later than . . . the date on which [the Debtor] received a discharge in bankruptcy." In re Abbott, 447 Fed. App'x 232, 233 (2d Cir. 2011) (citing 11 U.S.C. § 362(c)(2)(C)); see In re

Hayes, 453 B.R. 270, 273 (E.D. Mich. 2011) ("The bankruptcy court granted Christopher Hayes a discharge on October 26, 2010, and in turn, terminated the automatic stay."); Miles v. Wells Fargo Banks, No. 09-cv-02973, 2010 WL 3894048, at *3 n.3 (D. Colo. Sept. 30, 2010) ("[U]pon receiving a discharge in a chapter 7 case, the automatic stay is terminated as to any act against the debtor personally . . . ."); Miller v. United States, 422 B.R. 168, 173 (W.D. Wis. 2010) ("The stay terminates if the case is closed, dismissed or a discharge is granted or denied."); United States v. Falcone, No. 09-2269, 2010 WL 1372435, at *1 (D.N.J. Mar. 31, 2010) ("This discharge terminated the automatic stay.").

As an order discharging Debtor was entered by this Court on January 5, 2012, the Court notes that this discharge terminated the stay under 11 U.S.C. § 362(c)(2)(C). As the stay as to Mr. Ballstaedt's state-court action has already been terminated, his current motions are moot.

**WHEREFORE**, Mr. David John Ballstaedt's Motions for Relief from Stay (ECF Doc. Nos. 17 & 18) are **MOOT** under 11 U.S.C. § 362(c)(2)(C), as a result of the discharge of Debtor.

Dated and Entered: March 30, 2012

_____
**THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE**