IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )   Chapter 7
DAWN R. CURTIS,                     )
                                    )   Bankruptcy No. 11-01735
         Debtor.                    )

**ORDER RE MOTION FOR CONTEMPT FOR VIOLATING
BOTH THE AUTOMATIC STAY AND THE DISCHARGE ORDER**

This Court held a hearing on the Motion of Debtor, Dawn R. Curtis, for sanctions against her creditor and former spouse, David John Ballstaedt III. Debtor asserts that Ballstaedt violated the automatic stay by continuing to pursue a state court case against her after she filed her bankruptcy petition, without getting relief from the automatic stay. She also alleged he continued to pursue that state court case with full knowledge of her bankruptcy and the discharge. James Peters of Independence, Iowa appeared for Dawn Curtis. David John Ballstaedt III appeared and represented himself. After hearing the evidence and arguments, the Court took this matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) and (O).

**FINDINGS OF FACT**

Ballstaedt and Debtor divorced in 2011 and have had a troubled relationship both before and after the divorce. Debtor filed for Chapter 7 bankruptcy on July 26,

2011. A notice of her bankruptcy proceedings was filed with the Iowa District Court for Linn County on October 4, 2011. Ballstaedt was aware of Debtor's bankruptcy soon after it was filed.

This Court entered an order on January 5, 2012 discharging Debtor's bankruptcy debt to her pre-bankruptcy creditors. Ballstaedt did not file an objection to discharge or otherwise attempt to hold a particular debt owing to him as non-dischargeable.

On April 16, 2012, Ballstaedt filed a twelve count "Verified Complaint and Jury Demand" in the Iowa District Court for Linn County. Ballstaedt named Debtor, several county officials and city officials in their individual and official capacities, the City of Cedar Rapids, and Linn County, Iowa as defendants. All of his claims stem from or are related to: criminal harassment claims brought against Ballstaedt; a restraining order resulting from those proceedings; and his arrest and subsequent prosecution for violating that restraining order. Ballstaedt notes that he has been acquitted of all charges brought against him or the court dismissed the charges before trial.

Ballstaedt brings four of his twelve counts for violations of 42 U.S.C. § 1983. The remaining eight counts are for malicious prosecution, malicious abuse of process, false arrest and imprisonment, battery, conspiracy, intentional infliction of

2

emotional distress, negligence, and negligent infliction of emotion distress. Ballstaedt has requested actual and punitive damages.

## CONCLUSIONS OF LAW

Debtor filed this Motion for Contempt against Ballstaedt for violating the bankruptcy discharge injunction and/or automatic stay on November 22, 2013. The Motion noted that Ballstaedt: was listed as a creditor in the bankruptcy filings; filed a case in State court after Debtor filed her bankruptcy petition; and has continued to pursue that case even after this Court entered a discharge in Debtor's bankruptcy case on January 5, 2012.

Ballstaedt argues he has not violated the stay or discharge injunction because he is not attempting to hold Debtor responsible for any pre-petition conduct. Ballstaedt specifically stated several times that he was attempting to hold Debtor liable only for conduct she engaged in after the bankruptcy filing. In particular, Ballstaedt points to Debtor's conduct arising on or after August 18, 2011 as outlined in paragraph 35 through 37 of Ballstaedt's Verified Complaint.

"The automatic stay provisions and the discharge injunction [are] two of the most fundamental protections provided by the bankruptcy code." In re Rullestad, 2004 WL 5851349 at *5 (Bankr. S.D. Iowa Oct. 21, 2004). The automatic stay is described in detail in 11 U.S.C. § 362. The discharge injunction is found at 11

3

U.S.C. § 524(a)(2) and (3).   The contempt powers of § 105 can be used to enforce a discharge injunction as well as grant monetary relief.   <u>Bessette v. Avco Fin. Serv. Inc.</u>, 230 F.3d 439 (1st Cir. 2000).   The court that oversaw and administered the bankruptcy is the proper court to enforce the discharge injunction.   <u>Alderwoods Grp., Inc. v. Garcia</u>, 682 F.3d 958 (11th Cir. 2012).   This case is mostly about the discharge injunction of § 524(a).

At the close of the evidentiary hearing on this matter, Debtor requested modest relief: That this Court order either that Ballstaedt recast his state court pleading to address only Debtor's post-petition conduct, or that this Court provide an order specifying that Debtor's post-petition conduct could be the only basis for liability and prohibiting Ballstaedt from pursuing liability based on the pre-petition conduct of Debtor he references in his Verified Complaint.

Ballstaedt resisted only the request to recast the pleading.   Ballstaedt stated in clear and unequivocal terms that he believed his pre-petition claims against Debtor had been discharged.   He acknowledged he was not allowed to pursue any pre-petition basis for Debtor's liability in his state court suit.   Ballstaedt specifically noted he brought his first four counts under 42 U.S.C. § 1983 and correctly stated that these claims could not provide a basis for liability against Debtor because she is not a state actor.   He also specifically admitted that Count 8, for battery, was not

4

and could not be asserted against Debtor because she did not make the arrest Ballstaedt asserts was battery. Ballstaedt asserts that in all other claims, Debtor could be liable for her conduct following her bankruptcy petition. That conduct, in summary, consists of her reports to law enforcement about Ballstaedt's serving her with court papers in the divorce appeal (where both parties appeared to be pro se on appeal) in August 2011 and her assistance to law enforcement in preparing a case against him for violating the no-contact order. He asserts this resulted in his improper arrest and prosecution. He claims also he suffered serious emotional distress because of all this. He reiterated that he was only pursuing a case against Debtor for conduct in which she engaged in August 2011 and after.

    Debtor pointed out, however, that Ballstaedt's Verified Complaint asserts several instances of Debtor's conduct that arose pre-petition. Debtor expressed concern that the pre-petition conduct would be used (intentionally or even inadvertently) as a basis for finding liability against her in the state court suit. She asserted any use of pre-petition activity to form the basis of liability against her would violate the discharge injunction. Debtor pointed to the conspiracy charge in Count 9 to illustrate. Debtor noted it would be difficult for the State court and jury to distinguish between her pre-petition and post-petition conduct when trying to

decide if and when Debtor was involved in a conspiracy. Debtor believes that claim should be stricken as well.

Ballstaedt reiterated that on the conspiracy claim charge, like the other claims, he intended to pursue liability against Debtor only on the basis of her post-petition conduct. He believed the pre-petition conduct would only be relevant to address the background and context of these proceedings and could be so limited by the State trial judge.

This Court finds that if the state trial judge can craft evidentiary and/or jury instructions to make this distinction between pre-petition and post-petition conduct clear, there is no basis for preventing Ballstaedt from pursuing his conspiracy claims, like his other claims, based only on Debtor's post-petition conduct.

## CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Debtor's Motion for Contempt for violating the discharge injunction. The Court grants the Motion for Contempt to the extent it seeks to strike any and all claims against Debtor, Dawn Curtis, under Counts 1 through 4 (relating to liability under 42 U.S.C. § 1983), Count 8 (relating to battery), and Count 9 (for conspiracy) to the extent it attempts to hold Debtor liable in any way for her pre-petition conduct. The Court denies the Motion for Contempt on the other Counts based almost entirely on

6

Ballstaedt's representations that he is seeking liability against Curtis only for and expressly limited to her post-petition activity.

Dated and Entered:   December 20, 2013

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE